UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BORIS A. KHAIT,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondent.

Case No. 1:26-cv-3109

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on November 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on November 17, 2026. (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Belarus. (Factual Background, ECF No. 1-1, PageID.12.) In November 1995, Petitioner entered the United States as a refugee. (*Id.*) Petitioner left the United States in 1997. (Pet'r's History, ECF No. 1-17, PageID.127.) Petitioner again entered the United States on April 29, 2023, at the Port of Entry in Otay Mesa, and has remained in the United States since that time.[1] (Form I-213, ECF No. 1-8, PageID.89.)

On August 30, 2025, Davison Township Police arrested Petitioner for domestic violence. (*Id.*; Wynns Decl. ¶ 8, ECF No. 8-1, PageID.188.) On August 31, 2025, ICE agents took custody of Petitioner. (Wynns Decl. ¶ 9, ECF No. 8-1, PageID.188.) On October 14, 2025, Petitioner filed a Form I-589 application for asylum, withholding of removal, and Convention Against Torture (CAT) protection. (*Id.*, ¶ 11.) On February 25, 2026, the Detroit Immigration Court denied Petitioner's application and ordered Petitioner removed to Belarus. (*Id.*, ¶ 12.)

On March 27, 2026, the Board of Immigration Appeals (BIA) accepted Petitioner's appeal of his removal order; on July 30, 2026, the BIA dismissed Petitioner's appeal. (*Id.*, ¶¶ 13–14.) On August 24, 2026, Petitioner filed a motion to reopen and reconsider the dismissal of his appeal and reinstate his appeal. (*Id.*, PageID.189, ¶ 15; Mot. & Filing Receipt, ECF No. 1-19, PageID.143–147.) Respondents' declarant states that Petitioner did not cooperate with ICE agents from August through November 2026 regarding his removal. (*See* Wynns Decl. ¶¶ 16–26, ECF No. 8-1, PageID.189–190.) Petitioner alleges that, during this period of time, ICE agents sought his cooperation without a Russian interpreter present. (Pet'r's Letter, ECF No. 1-19, PageID.133–139).

[1] Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A) until April 27, 2024. (Form I-94, ECF No. 1-11, PageID.97 (indicating that Petitioner's "Class of Admission" is "DT").)

On September 16, 2026, Petitioner filed a motion for stay of removal pending adjudication of the motion to reopen and reconsider, which is still pending with the BIA. (Wynn Decl. ¶ 21, ECF No. 8-1, PageID.190.) Petitioner was scheduled for an interview to review custody status on November 18, 2026. (Resp., ECF No. 8, PageID.178.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (Pet., ECF No. 1, PageID.5–6; Resp., ECF No. 8, PageID.175.) Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful because "[t]here are no deportations to Belarus country, since years ago." (Mem., ECF No. 1-1, PageID.16.) In response, Respondents argue that "[b]ecause [Petitioner has] not been detained for six months, his detention is presumptively lawful…." Resp., ECF No. 8, PageID.181–182.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on July 30, 2026. The 90-day removal period following the order expired

right after Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court recognized as six months. *See id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has been detained less than six months after his order of removal became administratively final. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner contends only that "[t]here are no deportations to Belarus country, since years ago." (Mem., ECF No. 1-1, PageID.16.) However, Petitioner provides the Court no facts that would suggest that "there is no significant likelihood of removal in the reasonably foreseeable future" other than his allegations that he has not been provided with an interpreter as the government seeks to effectuate his removal. *Zadvydas*, 533 U.S. at 701. Petitioner's assertion, without more, is insufficient to meet Petitioner's burden to "prove" that Petitioner's deportation is not reasonably foreseeable. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 24, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge